**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------ X
FELIX GONZALEZ,                      :
                                     :
                  Petitioner,        :
                                     :
     -against-                       :
                                     :
UNITED STATES OF AMERICA,            :
                                     :
                  Respondent.        :
------------------------------------ X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 1, 2013
```

No. 12 Civ. 8261 (JFK)
**OPINION & ORDER**

APPEARANCES

Petitioner Felix Gonzalez, Pro Se

For Respondent United States of America
    Preet Bharara
    United States Attorney, Southern District of New York
        Of Counsel: Aimee Hector
                    Christopher D. Frey

**JOHN F. KEENAN, United States District Judge:**

Petitioner Felix Gonzalez ("Gonzalez" or "Petitioner") has filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). For the following reasons, Gonzalez's motion is denied.

**I.  Background**

Gonzalez was indicted in March 2010, along with five co-defendants, for their involvement in a narcotics trafficking operation that brought multi-kilogram quantities of cocaine and heroin from Miami, Florida and Southern California to the New York City area for distribution. Presentence Investigation

Report ("PSR") ¶ 12(a).  Gonzalez's role in the operation was to transport narcotics and narcotics proceeds and occasionally to perform "drug-related" tasks for the operation's leader. Id. at (c).  Count One of the indictment against Gonzalez and his co-defendants charged that, from at least September 2009 up to and including February 2010, the defendants conspired to distribute and possess with intent to distribute 1 kilogram and more of heroin, in violation of 21 U.S.C. § 841(b)(1)(A), and 5 kilograms and more of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A).

On March 11, 2011, Gonzalez pleaded guilty pursuant to a plea agreement with the Government.  The agreement encompassed a lesser included offense:  conspiracy to distribute, and possess with intent to distribute, 100 grams and more of mixtures and substances containing a detectable amount of heroin and 500 grams and more of mixtures and substances containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). Plea Agreement ("PA") at 1.  The agreement between the Government and Gonzalez stipulated that his sentencing range under the United States Sentencing Guidelines was 188 to 235 months. Id. at 4.  On September 6, 2011, Gonzalez was sentenced to 144 months imprisonment to be followed by four years supervised release.  The Court varied from the Guidelines in part because of Gonzalez's "model" behavior while he was in

jail following his arrest. See Sentencing Tr. at 11. Specifically, the Court cited the fact that Gonzalez set up a computer lab at the Metropolitan Correctional Center. See id.

Two weeks after his sentencing, on September 20, 2011, Gonzalez filed a Notice of Appeal. On September 30, 2011, Gonzalez moved to withdraw his appeal with prejudice. The United States Court of Appeals for the Second Circuit granted his motion on October 27, 2011. Gonzalez's Section 2255 motion was filed with the Clerk's Office more than a year later, on November 8, 2012. He challenges his conviction on three grounds: (1) that his plea was involuntary; (2) that the plea violated due process; and (3) that he received ineffective assistance of counsel. The Government has filed a memorandum in opposition to Gonzalez's Section 2255 motion, and Gonzalez timely submitted a reply memorandum.

## II.   Section 2255 Standard Of Review

Under Section 2255, a prisoner held in federal custody may collaterally challenge his federal conviction or sentence. 28 U.S.C. § 2255(a). To obtain relief under this provision, a petitioner must establish "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368

U.S. 424, 428 (1962)).  As Gonzalez is proceeding pro se, his submissions will be "liberally construed in his favor," Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)), and will be read "to raise the strongest arguments that they suggest." Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (citing Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).

### III. Discussion

#### A. Timeliness

Section 2255 states that a petitioner must bring a motion to vacate, set aside, or correct his sentence within one year of the date on which his conviction became final. See 28 U.S.C. § 2255(f)(1).  A conviction becomes final when the opportunity for filing an appeal expires. See Clay v. United States, 537 U.S. 522, 532 (2003); Wims v. United States, 225 F.3d 186, 188 (2d Cir. 2000).  Gonzalez's conviction became final on October 27, 2011, when the Court of Appeals for the Second Circuit granted his motion to withdraw his notice of appeal.  The Government contends that Gonzalez's motion is untimely because it was not filed with the Clerk's office until November 8, 2012, about two weeks after the one-year limitation expired.

For a pro se motion to be deemed "filed" when the petitioner is in federal prison, it must be placed into the prison mailing system before the expiration of the time limit.

4

Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001) (citing Houston v. Lack, 487 U.S. 266 (1988)).  Gonzalez's petition does not reflect when it was placed into the prison mailing system, but it appears that Gonzalez signed it on October 2, 2012. Pet'r Mot. at 14.  Because of the ambiguity regarding the timeliness of Gonzalez's motion, the Court will address the merits of his claims.

### B. Involuntary Plea

Gonzalez's first ground for relief asserts that his guilty plea was involuntary because he was not made aware of certain consequences of the plea.  A plea is not considered voluntary unless the defendant received "real notice of the true nature of the charge against him" and the consequences he faces. See Henderson v. Morgan, 426 U.S. 637, 645 (1976) (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)).  Federal Rule of Criminal Procedure 11 requires a court to confirm that a defendant's guilty plea is voluntary. See Fed. R. Crim. P. 11(b)(2).  Under Rule 11, a court must "inform the defendant of, and ensure that the defendant understands," inter alia, "the nature of each charge to which the defendant is pleading; any maximum possible penalty, including imprisonment, fine, and term of supervised release; [and] any mandatory minimum penalty." See Fed. R. Crim. P. 11 (b)(1)(G)-(I).

5

Gonzalez asserts that he was "unaware" that (1) his guilty plea would "make him responsible as if [he] had plead [sic]" guilty to violating 21 U.S.C. § 841(b)(1)(A); (2) he would be held responsible "as if" he were a narcotics "seller or trafficker"; and (3) his Guidelines range would be above the mandatory minimum sentence of five years. See Pet'r Mot. at 5. As discussed below, these arguments fail to state a claim because they are based on factual inaccuracies.

First, Gonzalez is wrong to assert that he was held "responsible" as if he had pleaded guilty to 21 U.S.C. § 841(b)(1)(A); he was actually sentenced for violating the statute to which he pleaded guilty: 21 U.S.C. § 841(b)(1)(B), as reflected in both the plea agreement and the plea transcript. Section 841(b)(1)(B) provides for a term of imprisonment between five years and forty years, PA at 1; 21 U.S.C. § 841(b)(1)(B)(viii), while § 841(b)(1)(A) carries a minimum term of imprisonment of ten years and a maximum term of life. 21 U.S.C. § 841(b)(1)(A)(viii).  During Gonzalez's plea, the Court advised him that the prison term he faced by pleading guilty was between five and forty years, which corresponds to the sentence range for 21 U.S.C. § 841(b)(1)(B).  Gonzalez confirmed to the Court that he understood the sentencing range, contents of the indictment and the plea agreement. Id. at 4; 8-9.

Gonzalez next argues that the Court had an exaggerated view of his involvement in the conspiracy, holding him responsible as a narcotics "trafficker or seller." There is nothing in the record, however, that suggests that Gonzalez's sentence was based on an exaggerated or disproportionate level of involvement in the drug trafficking operation. Gonzalez described his criminal activities to the Court during his plea, stating that he "assisted others by picking up and delivering drugs" and money. See Plea Tr. at 14. Additionally, the Presentence Investigation Report ("PSR") described Gonzalez's role as a "worker" for an associate of the leader of the "New York component of a drug trafficking organization." See Sentencing Tr. at 2-3; PSR at 6. The PSR stated that Gonzalez transported "narcotics and narcotics proceeds" at the direction of the associate, in addition to performing some tasks for the leader of the organization.

Next, Gonzalez claims that his plea was involuntary because he was not aware that he would be ineligible for the mandatory minimum sentence of five years. In fact, Gonzalez was eligible for the mandatory minimum sentence, but his Guidelines range was higher, as the Court informed him at the plea, and Gonzalez told the Court he understood. Plea Tr. at 9. The Court also apprised Gonzalez of his Sentencing Guidelines range, which was 188

months to 235 months. Id. at 11.  Again, Gonzalez said that he understood the range he faced under the Guidelines. Id.

Finally, Gonzalez's argument that he was unaware that he could have had a Fatico hearing following his guilty plea to determine the quantity of narcotics he was responsible for under the conspiracy lacks merit.  Such a hearing could not have followed Gonzalez's guilty plea because the plea agreement with the Government included a stipulation regarding the quantity of narcotics. PA at 2.  In pleading guilty pursuant to the agreement and providing an allocution, Gonzalez accepted responsibility for the stipulated quantity of narcotics. See United States v. Gonzales, 420 F.3d 111, 131 (2d Cir. 2005).

### C. Due Process

Gonzalez asserts in his Section 2255 motion that his sentence was "increased in violation of due process" because he received a sentence well above the five-year mandatory minimum for the charge to which he pleaded guilty.  Gonzalez seems to argue that the absence of a Fatico hearing to determine the quantity of narcotics used to calculate the Guidelines violates due process, even though he stipulated to a specific drug quantity. See Pet'r Reply at 6.  He also cites Jones v. United States, 526 U.S. 227 (1999), to suggest that the determination of drug quantity attributable to him should have been left to a jury. See id. at 7.

Gonzalez was not entitled to a jury determination regarding the narcotics quantity because he stipulated to the narcotics quantity in the plea agreement. PA at 2.  For the same reason, a Fatico hearing on narcotics quantity was unnecessary. See Gonzales, 420 F.3d 111 (2d Cir.2005) (holding that drug quantity is an element of a crime that must be proven by the prosecution or admitted to by the defendant for aggravated drug offenses triggering mandatory minimum sentences).

It is important to note that the Court varied from the Sentencing Guidelines when it sentenced Gonzalez below his Guidelines range.  Accordingly, the Court rejects Gonzalez's claim that his sentence is unfair because a factor that Gonzalez found objectionable was used in calculating the Guidelines.

Even if the Court had not varied from the Guidelines, however, an argument based on the use of the narcotics quantity would not form the basis of a valid due process claim.  Indeed, the Guidelines are based on the "real conduct" of the defendant, and Gonzalez stipulated in his plea agreement that his "real conduct" involved the quantity of narcotics that was used to calculate the Guidelines. See Booker, 543 U.S. at 254; PA at 2.

Finally, Gonzalez's sentencing was free of any procedural issues that might give rise to a valid due process claim.  There is a presumption that "in the absence of record evidence suggesting otherwise, . . . a sentencing judge has faithfully

9

discharged her duty to consider the statutory factors." United States v. Fernandez, 443 U.S. 19, 30 (2d Cir. 2006).

### D. Ineffective Assistance of Counsel

Gonzalez contends that he received ineffective assistance of counsel. See Pet'r Mot. at 8. An ineffective assistance of counsel inquiry, including one involving a defendant's decision to plead guilty, involves two components. Strickland v. Washington, 466 U.S. 668, 687 (1984); Padilla v. Kentucky, 130 S. Ct. 1473, 1481 (2010); see also United States v. Lin Guang, 511 F.3d 110, 119-20 (2d Cir. 2007). First, the petitioner must show that his "counsel's representation fell below an objective level of reasonableness." Strickland, 466 U.S. at 688. There is no precise formula for determining whether an attorney's performance was reasonable. But it is clear that any judicial scrutiny of attorney performance must be "highly deferential." Id. at 689. Indeed, courts are required to "indulge a strong presumption that a counsel's conduct falls within the wide range of reasonable professional assistance." Id.; see also Bierenbaum v. Graham, 607 F.3d 36, 51 (2d Cir. 2010). Specifically, the petitioner must overcome a presumption that the decisions of his counsel "might" have constituted a "sound" strategy at the time when they were made. See Strickland, 466 U.S. at 689.

If the first component of the inquiry is satisfied, the petitioner must also "show that the deficient performance

10

prejudiced the defense." Strickland, 466 U.S. at 687.  That is, the petitioner must demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; see also Harrington v. Richter, 131 S. Ct. 770, 791-92 (2011) ("In assessing prejudice . . . Strickland asks whether it is 'reasonably likely' the result would have been different.").

As an initial matter, the Court notes that Gonzalez expressed satisfaction with his legal representation when he entered the plea.  Specifically, the Court asked Gonzalez, "Are you satisfied with the legal representation supplied by your lawyers thus far?"  Gonzalez answered, "Yes, Your Honor." Plea Tr. at 13.

Gonzalez states that his attorney did not inform him that he was ineligible for the five-year mandatory minimum sentence provided for under 21 U.S.C. §§ 846 and 841(b)(1)(B).  This claim cannot form the basis of a successful ineffective assistance of counsel argument because it is based upon Petitioner's misconception.  As discussed above, Gonzalez was eligible to receive a five-year sentence, but his Guidelines range was higher.  Moreover, before accepting the plea, the Court apprised Gonzalez of both the minimum and maximum punishment, as well as Gonzalez's Guidelines range.  Gonzalez said he understood. Plea Tr. at 8-9, 11.

11

Next, Gonzalez states that his attorney was ineffective because his attorney did not tell him that he could have a "trial" to determine the quantity of drugs attributable to his conduct. Pet'r Mot. at 8. The Court discerns from Gonzalez's motion that he is referring to the fact that his attorney did not seek a Fatico hearing on drug quantity. This claim is without merit, as Gonzalez does not provide any information to suggest that the quantity used to calculate the Guidelines was inaccurate. Without such information, the "highly deferential" standard of review for attorney performance leads to the presumption that Gonzalez's attorney acted reasonably. See Strickland, 466 U.S. at 689. Indeed, it was perfectly reasonable for Gonzalez's attorney to decide not to pursue a Fatico hearing in light of Gonzalez's plea. Furthermore, the Court made Gonzalez aware of his right not to enter the guilty plea and proceed to trial. Plea Tr. at 5.

Gonzalez next claims that his attorney was ineffective because the attorney failed to inform him that the narcotics quantity used to calculate the Sentencing Guidelines would not be reduced because he pleaded guilty. This argument strains credulity because the drug quantity is included in the plea agreement that was signed by Gonzalez. PA at 2 ("The defendant's conduct involved at least 20 kilograms of heroin and at least 295 kilograms of cocaine."). Gonzalez not only signed this

12

letter, but also confirmed to the Court that he "completely" understood it and did not have any questions about it. Plea Tr. at 8.  The record is devoid of any indication that Gonzalez was under the false impression that he would receive a reduction in his Guidelines range.

Gonzalez next asserts his attorney did not sufficiently advocate for him, by failing to:  (1) provide him with "any type of defense" and (2) fight to lessen his culpability. Pet'r Mot. at 8.  Gonzalez appears to base both of these assertions on his attorney's advice to Gonzalez to plead guilty and not pursue a Fatico hearing. See Pet'r Reply at 9.  But Gonzalez has failed to show that the amount of drugs that he pleaded to should have been litigated.  A successful Section 2255 "must contain assertions of fact that a petitioner is in a position to establish by competent evidence . . . , [not] airy generalities." See United States v. Aiello, 814 F.2d 109, 113 (2d Cir. 1987) (citing Machibroda v. United States, 368 U.S. 487, 495-96 (1962)).  Absent any indication that the drug quantity was inaccurate, Gonzalez's attorney's decision to advise his client to plead guilty must be accorded the presumption of reasonableness. See Strickland, 466 U.S. at 689.

Finally, Gonzalez alleges that his attorney's performance was deficient because his attorney "did not present to the court the sentencing memorandum that [Gonzalez] had previously

13

approved." Gonzalez's attorney submitted an eight page sentencing memorandum to the Court in which he argued for a reduced sentenced of 60 months (the mandatory minimum). Gonzalez presents no evidence that the memorandum that was submitted is different from the one he states that he approved. A claim in a Section 2255 motion that lacks facts that a petitioner can "establish by competent evidence" is not sustainable. See Aiello, 814 F.2d at 113. Here, Gonzalez has not shown that his attorney submitted a different memorandum from the one that Gonzalez approved. Accordingly, this assertion cannot form the basis of a valid ineffective assistance of counsel claim.

## IV. Conclusion

For the foregoing reasons, Gonzalez's Section 2255 motion is denied.

The court certifies, pursuant to 28 U.S.C. § 1951(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Furthermore, as the Petitioner makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. <u>See</u> 28 U.S.C. § 2253.

**SO ORDERED.**

Dated:   New York, New York
         July 1, 2013

_____
John F. Keenan
United States District Judge

15