USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Apr. 30, 2014

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------- X
FELIX GONZALEZ,                    :
                                   :
                Petitioner,    :  Nos. 12 Civ. 8261 (JFK)
                                   :      10 Cr. 238 (JFK)
  -against-                       :
                                   :  **OPINION & ORDER**
UNITED STATES OF AMERICA,          :
                                   :
                Respondent.    :
---------------------------------- X

**JOHN F. KEENAN, United States District Judge:**

    Petitioner Felix Gonzalez has filed a pro se motion seeking reconsideration of this Court's order denying his habeas petition under 28 U.S.C. § 2255. For the reasons explained below, Petitioner's motion is denied.

## I. Background

    Familiarity with the underlying facts and prior proceedings is presumed. See Gonzalez v. United States, No. 12 Civ. 8261, 2013 WL 3305324 (S.D.N.Y. July 1, 2013). The facts relevant to this motion can be briefly stated. After entering into a plea agreement with the Government, Gonzalez pleaded guilty to conspiracy to distribute, and possess with intent to distribute, 100 grams and more of mixtures and substances containing a detectable amount of heroin and 500 grams and more of mixtures and substances containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). The plea agreement stipulated that his sentencing range under the U.S.

1

Sentencing Guidelines was 188 to 235 months.  On September 6, 2011, Gonzalez was sentenced to 144 months of imprisonment - more than three-and-a-half years less than the Guideline minimum - to be followed by four years of supervised release.

On September 20, 2011, Gonzalez filed a Notice of Appeal. On September 30, 2011, Gonzalez moved to withdraw his appeal with prejudice.  The U.S. Court of Appeals for the Second Circuit granted his motion on October 27, 2011.  Gonzalez filed a § 2255 motion on November 8, 2012.  This Court denied that motion on July 1, 2013.  Gonzalez, 2013 WL 3305324, at *6.  Gonzalez's motion for reconsideration followed.

## II. Discussion

Reconsideration of a court's previous order "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Ramos v. United States, 580 F. Supp. 2d 296, 299 (S.D.N.Y. 2008) (internal quotation marks omitted).  Reconsideration is not a substitute for appeal and should only be granted to correct clear error, prevent manifest injustice, or to account for new evidence or a change in controlling law that might reasonably be expected to alter the court's decision. See Beras v. United States, No. 05 Civ. 2678, 2013 WL 2420748, at *1 (S.D.N.Y. June 4, 2013); see also Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104, 108 (2d Cir. 2013).

Because Gonzalez is proceeding pro se, his submissions will be "liberally construed in his favor," Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995), and will be read "to raise the strongest arguments that they suggest," Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (internal quotation marks omitted).

When he made his § 2255 motion, Gonzalez asserted that his attorneys presented a different sentencing memorandum than the one he had approved, but provided no supporting evidence. See Gonzalez, 2013 WL 3305324, at *6.  Gonzalez avers that he believed the Court was already in possession of the previous draft of the sentencing memorandum, and now asks the Court to consider two exhibits:  a series of emails with his attorneys and an earlier draft of his sentencing memorandum.  Both are offered to show ineffective assistance of counsel, a claim Gonzalez advanced in his § 2255 motion.  At the outset, the Court notes that neither exhibit is "new" for the purposes of a motion for reconsideration, as both were in Gonzalez's possession when he filed his § 2255 motion. See Vector Capital Corp. v. Ness Techs., Inc., No. 11 Civ. 6259, 2012 WL 1948822, at *10 (S.D.N.Y. May 24, 2012) (finding that emails in the movant's possession prior to court's earlier decision were not newly discovered).  The Court has, however, reviewed the exhibits, and it is clear that neither would alter the Court's previous decision.

Gonzalez claims that the emails and draft memorandum show that he had asked his attorneys to raise arguments that were not asserted in the final memorandum submitted to the Court. (Pet'r Reconsideration Mem. 3.)  He points to changes between the early draft and the final memorandum submitted to the Court and states that he was "continuously misled" by his attorneys. (Id. at 2-3.)  He argues that the exhibits demonstrate that "his decision was based on the continued explanation by counsel that he . . . would be eligible for the five-year mandatory minimum, that his role in the conspiracy would be lowered, and . . . the drug weight would be lowered to a level more comparable to his actual involvement." (Id. at 4.)  Gonzalez made similar arguments in his original § 2255 motion.  This Court considered and rejected these arguments based on the signed plea agreement, Gonzalez's own statements during his plea, and the "highly deferential" standard of review for attorney performance. See Gonzalez, 2013 WL 3305324, at *4-5 (citing Strickland v. Washington, 466 U.S. 668, 689 (1984)).

Neither exhibit compels a different result.  The emails reflect Gonzalez's concerns with a portion of the Presentence Investigation Report ("PSR") dealing with co-defendants Edwin Cabrera and Eider Perez. (Pet'r Reconsideration Mem. Ex. B.)  Gonzalez wanted to make clear that he worked under Cabrera and had no involvement with Perez. (Id. at 2.)  Gonzalez's attorneys

4

replied by noting that the PSR stated that Gonzalez was "a worker for Cabrera" and that they would "argue [Gonzalez's] limited role much more in the sentencing memorandum." (Id.)  As discussed below, both the draft and final version of the sentencing memorandum advance this argument.

While there are differences between the drafts, none of them are material.  Gonzalez alludes to a portion of the early draft where "a minor-role reduction" was discussed. (Pet'r Reconsideration Mem. 3.)  Although that section of the early draft cites additional cases reflecting "mitigating role adjustments," both the draft and final version of the memorandum make clear that "the plea agreement does not provide for a minor-role reduction." Compare Gov't § 2255 Mem. Ex. C, at 4, with Pet'r Reconsideration Mem. Ex. A, at 5.  Both versions also explicitly state, "While not sufficient to warrant a mitigating role adjustment, we believe that these cases show, by analogy, why and to what extent, the Court should take Mr. Gonzalez's role into account under § 3553(a)." Compare Gov't § 2255 Mem. Ex. C, at 5, with Pet'r Reconsideration Mem. Ex. A, at 6.  In other words, both versions of the memorandum argue for mitigation while acknowledging that, under the plea agreement, Gonzalez is not entitled to such an adjustment.  Therefore, the changes that Gonzalez refers to do not support his allegation

5

that he was misled into believing that his role "would be lowered."

Gonzalez also refers to a part of the draft that addresses how he "was not a worker of both Perez and Cabrera, but of Cabrera solely." (Pet'r Reconsideration Mem. 3.)  As far as the Court can tell, that segment consists of two paragraphs that are essentially unchanged except for two minor clarifications.  The first made clear that not only was Gonzalez's role in the conspiracy "limited and fungible," (Id. Ex. A, at 4.), it was "far more limited and fungible than the role of several of his more-culpable co-conspirators," (Gov't § 2255 Mem. Ex. C, at 4.)  The second added the phrase "Parts of the" to clarify that "Parts of the discovery obtained from the Government also confirms Mr. Gonzalez's role as a mere 'worker' for others."  Compare Gov't § 2255 Mem. Ex. C, at 4, with Pet'r Reconsideration Mem. Ex. A, at 4.  The latter change is inconsequential, while the former is consistent with the concerns Gonzalez raised in his emails.

Neither the emails nor the draft memorandum support Gonzalez's allegation that his attorneys "continuously misled" him or failed to assert arguments.  Thus, the exhibits could not reasonably be expected to change the Court's prior ruling, which was firmly rooted in the plea agreement that Gonzalez signed, Gonzalez's own statements at his plea, and the Strickland

standard for review of attorney performance. See also United States v. Hernandez, 242 F.3d 110, 112 (2d Cir. 2001) (noting that, where a defendant makes an unsupported allegation of being misled by his attorney, the district court is entitled to rely upon the defendant's sworn statements that his attorney discussed the consequences of pleading guilty and that the defendant understood those consequences).

Finally, Gonzalez requests that the Court consider an intervening Supreme Court decision, Alleyne v. United States, 133 S. Ct. 2151 (2013). Alleyne, however, does not apply retroactively. United States v. Redd, 735 F.3d 88, 91–92 (2d Cir. 2013). Moreover, Alleyne would not apply because, as this Court previously held, "Gonzalez was not entitled to a jury determination regarding the narcotics quantity because he stipulated to the narcotics quantity in the plea agreement." Gonzalez, 2013 WL 3305324, at *3; see also Avile v. United States, 13 Civ. 4990, 2013 WL 4830968, at *3 (S.D.N.Y. Sept. 4, 2013) (noting that Alleyne does not apply when the right to a jury trial is waived). Thus, Alleyne does not provide a basis for reconsideration because it would not alter the outcome of this Court's previous decision.

### III. Conclusion

For the foregoing reasons, Gonzalez's motion for reconsideration is denied.

The Court certifies, pursuant to 28 U.S.C. § 1951(a)(3), that any appeal from this Order would not be taken in good faith, and therefore <u>in forma pauperis</u> status is denied for the purpose of an appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

Furthermore, as the Petitioner makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. <u>See</u> 28 U.S.C. § 2253.

**SO ORDERED.**

Dated:   New York, New York
         April 30, 2014

*/s/ John F. Keenan*
John F. Keenan
United States District Judge